IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 97-0099-WS |
| | ) |
| **MICHAEL JEROME FILES,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Michael Jerome Files' Motion to Reconsider (doc. 2273).

On April 30, 2012, the undersigned entered an Order (doc. 2264) denying Files' motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the U.S. Sentencing Guidelines. The April 30 Order explained that, even after application of Amendment 750 to Files' circumstances, and even after affording him the full two-level reduction authorized by Amendment 750, his calculated guideline range remains unchanged. Because Files was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered, his § 3582 motion was denied.

In his Motion to Reconsider, Files does not dispute that the sentencing court found that he was responsible for at least 50 kilograms of powder cocaine, 1.5 kilograms of crack cocaine, and 50 kilograms of marijuana. He does not challenge the marijuana equivalency calculations for those substances, totaling 15,406.4 kilograms of marijuana. He does not dispute that, even after taking into account Amendment 750, such a drug quantity equates to a base offense level of 36 under U.S.S.G. § 2D1.1(c)(2). And he does not disagree that if his base offense level is 36, then his calculated guideline range remains unchanged, even after giving him the full benefit of Amendment 750, such that he would not be entitled to relief under 18 U.S.C. § 3582(c)(2).

Instead, Files uses his Motion to Reconsider as a platform for challenging the underlying drug quantity findings at sentencing. In so doing, Files relies on a classic formulation of argument under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 147 (2000), that he should not have been sentenced based on judicial findings concerning drug quantity. This

assertion is improper, for at least two reasons. First, it is a brand-new argument that was never presented in his initial § 3582 Motion, and therefore is not a proper basis for reconsideration. Second, and more fundamentally, it misapprehends the nature, scope and parameters of the statutory remedy he invokes. A § 3582(c)(2) motion is not a *de novo* resentencing at which all original sentencing decisions may be reconsidered and decided anew. *See, e.g., United States v. Phillips*, 597 F.3d 1190, 1198 (11th Cir. 2010) ("a § 3582(c)(2) proceeding is not a plenary or *de novo* sentencing"). Indeed, it is hornbook law that a § 3582(c)(2) motion does not confer license upon a district court to revisit original sentencing determinations other than the specific guideline provision that was amended. *See, e.g., United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) ("a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment"); U.S.S.G. § 1B1.10(b)(1) ("the court shall substitute only [Amendment 750] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected"). Simply put, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) (citation omitted). Files' guideline range did not change under Amendment 750, so he was not eligible for a sentence reduction under § 3582(c)(2), as a matter of law. The April 30 Order so held and, again, Files has not challenged that determination under Amendment 750. In light of the foregoing, Files' assertion that, in the context of his § 3582(c)(2) motion, he is entitled to a new sentencing hearing and new drug quantity determinations is flatly irreconcilable with applicable law. *See, e.g., United States v. Carter*, 2011 WL 216138, *3 (11th Cir. Jan. 25, 2011) ("because Carter does not point to an applicable amendment that would allow him to challenge the district court's drug quantity calculation, he cannot challenge that finding through a § 3582(c)(2) proceeding"); *United States v. Jennings*, 2009 WL 4281480, *1 (11th Cir. Dec. 2, 2009) ("section 3582(c)(2) only applies to the very narrow issue addressed by the changed [guideline]; the determination of drug quantity was final and cannot be reviewed").

      Notably, the Eleventh Circuit has time and time again rejected litigants' attempts to interject *Apprendi* arguments into their § 3582(c)(2) motions. *See, e.g., Carter*, 2011 WL 216138, at *3 (rejecting *Apprendi* argument on § 3582(c)(2) motion "because *Apprendi* did not involve a retroactively applicable guideline amendment and it did not provide an independent

jurisdictional basis to reduce Carter's sentence"); *United States v. Deglace*, 2009 WL 3854097, *2 (11th Cir. Nov. 19, 2009) (defendant's "argument that he was entitled to relief based on *Apprendi* lacks merit because *Apprendi* is not a retroactive guideline amendment and, thus, did not provide a basis for a sentence reduction under § 3582(c)(2)"); *United States v. Washington*, 2009 WL 2196935, *1 (11th Cir. July 24, 2009) ("the court did not err by not applying *Apprendi* in resentencing Washington because such a consideration was outside the scope of his § 3582(c)(2) proceeding"); *United States v. White*, 2009 WL 105737, *2 (11th Cir. Jan. 16, 2009) ("a § 3582(c)(2) motion is not the proper avenue through which to raise issues arising from the Supreme Court's decision in *Apprendi* …, as such a claim does not involve an amendment made retroactive").

Nor does Files' reliance on Amendment 591 bolster his request. The Eleventh Circuit has explained with crystalline clarity that Amendment 591 does not apply to a sentencing judge's selection of a base offense level within the applicable offense guideline. *See, e.g., United States v. Chung*, 2011 WL 2150670, *2 (11th Cir. June 2, 2011) ("Amendment 591 does not constrain the use of judicially found facts to select a base offense level within the relevant guideline."); *United States v. Starks*, 2010 WL 4823477, *2 (11th Cir. Nov. 29, 2010) ("Amendment 591 is inapplicable because Starks's offense level was not calculated using U.S.S.G. § 2D1.2."); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (holding that "Amendment 591 only applies to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline"). Simply put, Amendment 591 is inapplicable to Files' circumstances, and his Motion to Reconsider misapplies that amendment in a manner that is contrary to well-settled law.

For all of these reasons, defendant's Motion to Reconsider (doc. 2273) is **denied** as frivolous. Insofar as Files may wish to appeal, the Court hereby **certifies** (for the foregoing reasons, as well as those set forth in the April 30 Order) that any appeal from either this Order or the April 30 Order would be plainly frivolous and not in good faith. Accordingly, Files will not be permitted to pursue an appeal *in forma pauperis*.

DONE and ORDERED this 31st day of May, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE