# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 97-0099-WS |
| | ) |
| MICHAEL JEROME FILES, | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

This matter comes before the Court on defendant Michael Jerome Files' Motion for Reconsideration (doc. 2411), which is construed as a renewed motion for sentence reduction pursuant to 18 U.S.C. § 3582.[1]

On February 8, 2019, the undersigned entered an Order (doc. 2409) denying Files' request for sentence reduction under the First Step Act of 2018. The February 8 Order explained that Files is ineligible for relief under the retroactive provisions of the First Step Act because (i) he was convicted of, *inter alia*, conspiring to possess with intent to distribute 50 kilograms of cocaine; (ii) at sentencing, he was held accountable for a total marijuana equivalency of 15,406.5 kilograms (including 50 kilograms of powder cocaine, 1.5 kilograms of crack cocaine, and 50 kilograms of marijuana); (iii) Files' calculated sentencing guideline range was not altered by the Fair Sentencing Act of 2010 or the corresponding guideline amendments; and (iv) Files' statutory maximum sentence would not be reduced if the Fair Sentencing Act of 2010's statutory penalties were applied retroactively to the offense of conviction.

In his present Motion, Files interposes a strenuous objection that the sentencing court failed to make a drug quantity determination at sentencing. As an initial matter, a § 3582(c) motion is not an appropriate procedural vehicle to relitigate drug quantity findings at sentencing.

---

[1] Files previously submitted a Motion for Extension of Time (doc. 2410), in which he requested a 14-day period to be heard in response to the Order (doc. 2409) entered on February 8, 2019, denying his motion for sentence reduction under the First Step Act of 2018. The Motion for Extension of Time is **moot** because the Court is considering this renewed § 3582 motion on the merits.

*See, e.g., United States v. Martinez*, 735 Fed.Appx. 616, 618 (11th Cir. May 23, 2018) ("Because a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing, Defendant cannot relitigate the district court's original drug-quantity finding in this § 3582(c)(2) proceeding.") (citations and internal quotation marks omitted); *United States v. Pinnock*, 495 Fed.Appx. 958, 959 (11th Cir. Nov. 7, 2012) ("Despite [defendant's] attempts both before the district court and now on appeal, § 3582(c)(2) did not give him license to relitigate the original drug-quantity finding upon which his sentence was based."). Even if it were, Files' objection is patently incorrect as a factual matter. During the hearing, the sentencing judge unequivocally stated, "I will advise you that the Court … sustains the findings set out in the Presentence Investigation Report based on my being present at the time of trial." (Doc. 2355, at 23.) Paragraph 53 of the Presentence Investigation Report included specific findings that "the defendant was involved with substantially more than 1.5 kilograms of cocaine base, 50 kilograms of cocaine, and 50 kilograms of marijuana." (Doc. 2395, at 21-22.) Therefore, Files' oft-repeated assertion in his Motion that "the Sentencing Court failed to make any drug quantity determinations regarding Mr. Files" (doc. 2411, at 3) is simply false.[2]

Next, Files objects that his sentencing "was in clear error" because the sentencing court assigned him a base offense level of 45. (Doc. 2411, at 13.) This is also factually incorrect. Files' base offense level at sentencing was properly determined to be 38, with a total offense level of 43. (*See* doc. 2355, at 23-24; doc. 2395, at 22 ¶ 60.)

Third, Files touts his post-conviction conduct and rehabilitation as grounds for reducing his sentence. But the Court has already found that Files is ineligible for sentencing reduction under § 3582(c). In light of that finding, Files' post-sentencing rehabilitation efforts (while laudable, if his description of them is accurate) do not form a viable basis for granting his Motion. *See, e.g., United States v. Edmondson*, 799 F. Supp.2d 1297, 1299 (M.D. Ala. 2011)

---

[2] This is not the first time the Court has explained to Files that his arguments concerning a purported failure of the sentencing court to make drug quantity findings have no basis whatsoever in fact. For example, in an Order entered on February 22, 2017, the undersigned wrote, "Contrary to Files' objection, then, the sentencing judge made specific findings that Files was involved with more than 1.5 kilograms of cocaine base, 50 kilograms of cocaine, and 50 kilograms of marijuana. The record is crystal clear on this point, and Files' arguments to the contrary are counterfactual and frivolous." (Doc. 2396, at 3-4.) Those conclusions hold equally true today.

("while rehabilitation may be a ground the court can consider if it is in the midst of sentencing or resentencing, rehabilitation is not a justification for the court to resentence the defendant in the first place"); *United States v. Lloyd*, 484 F. Supp.2d 1232, 1241 (S.D. Ala. 2007) ("Post-sentencing rehabilitation is not among the enumerated grounds in [§ 3582(c)], and therefore cannot justify a reduction in sentence.").

Fourth, Files asserts that when this Court granted a previous § 3582 motion and reduced his sentence from life imprisonment to 360 months, it "failed to consider the § 3553(a) factors." (Doc. 2411, at 18.) Again, this premise is factually inaccurate. The Order (doc. 2398) entered on April 5, 2017 reducing Files' sentence to 360 months expressly stated that the reduction was being made after "taking into account … the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id.* Defendant's suggestion that this Court disregarded the § 3553(a) factors in reducing Files' sentence to 360 months is misplaced.

Finally, Files appeals to "fundamental fairness and equal protection" as grounds for sentencing reduction. The Court finds that he has stated no constitutional infirmity in his sentence, no basis for relief under the First Step Act of 2018, and no colorable ground for further sentence reduction pursuant to 18 U.S.C. § 3582(c).

For all of the foregoing reasons, the Motion for Reconsideration (doc. 2411), which is construed as a renewed motion for sentence reduction pursuant to § 3582(c), is **denied**. The Court **certifies** that any appeal from this ruling would be frivolous; therefore, Files will not be permitted to appeal *in forma pauperis*. Defendant's Motion for Extension of Time (doc. 2410) is **moot**.

DONE and ORDERED this 7th day of March, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE