IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 97-0099-WS |
| | ) |
| MICHAEL JEROME FILES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Michael Jerome Files' "Motion to Expedite Decision for Movant's Release on Bond Pending Appeal Pursuant to 18 U.S.C. § 3143" (doc. 2427).

Early in 2019, Files submitted a motion under 18 U.S.C. § 3582(c) seeking a reduction in sentence pursuant to the First Step Act. In a pair of Orders (docs. 2409 & 2412), the undersigned determined that Files was ineligible for relief under the First Step Act because (i) this Court and the Eleventh Circuit have already concluded that Files' calculated guideline range was not altered by the Fair Sentencing Act of 2010 or the corresponding guideline amendments; and (ii) Files' statutory maximum sentence would not be reduced if the Fair Sentencing Act of 2010's statutory penalties were applied retroactively to his offenses of conviction. The Court also rejected Files' factually inaccurate and legally improper argument that he was entitled to § 3582(c) relief because the sentencing court failed to make a drug quantity determination. Files appealed this ruling to the Eleventh Circuit Court of Appeals; however, the undersigned entered an Order (doc. 2424) on June 28, 2019, certifying that Files' appeal was not taken in good faith. His appeal remains pending today.

Now Files petitions this Court to be released during the pendency of his appeal pursuant to the provisions of 18 U.S.C. § 3143. In order for Files to be eligible for release pending appeal, the Court must find, *inter alia*, that his appeal "raises a substantial question of law or fact likely to result in … a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). But this Court has already found in the June 28 Order that Files' appeal is frivolous and not brought

in good faith; therefore, it necessarily follows that his appeal cannot and does not satisfy this statutory prerequisite for release pending appeal.  *See Scotton v. United States*, 2017 WL 7511339, *3 (11th Cir. Nov. 22, 2017) (rejecting request for immediate release pursuant to § 3143(b)(1)(B)(iv) where the pending appeals were frivolous, such that appellant had not shown they will likely result in reduced sentence less than time already served plus expected term of appeal process).

In an attempt to establish a likelihood of a favorable result on appeal, Files presents several arguments in his Motion.  None are persuasive.  First, he asserts that the Government failed to comply with an Eleventh Circuit directive to file a brief no later than December 31, 2019.  Review of the docket sheet in Eleventh Circuit Case No. 19-11074, which is Files' appeal, belies this assertion.  In actuality, the Eleventh Circuit ordered Files (the appellant) – not the Government – to submit his brief by no later than December 31, 2019.  There is no indication on the appellate docket sheet that Files has ever done so.  Second, Files insists that he raised meritorious issues in an amended appellate brief on December 27, 2019.  In fact, the appellate docket sheet reflects that Files submitted a "Pro Se Motion to Supplement the Appellate Brief" on December 27, 2019, in which he sought leave of court to raise numerous new issues that appear tangentially related at best to his First Step Act motion and more akin to a second or successive § 2255 motion, which he has never received permission to pursue.  At any rate, there is no indication that the Eleventh Circuit has ever granted that motion to supplement.

Third, Files characterizes as a "main issue" in his appeal whether *Alleyne / Apprendi* entitle him to First Step Act relief.  But the Eleventh Circuit has never decided that issue.  *See, e.g., United States v. Wyatt*, --- Fed.Appx. ----, 2020 WL 915977, *2 (11th Cir. Feb. 26, 2020) ("we have not addressed whether and to what extent *Alleyne* and *Apprendi* apply to cases involving motions for reduction of sentences under § 404 of the First Step Act").  Given well-settled principles that *Alleyne* and *Apprendi* do not apply retroactively on collateral review, that § 3582(c) motions do not give rise to a right to plenary or *de novo* resentencing proceedings, and that Files is not otherwise eligible for relief under the First Step Act in any event, the Court finds that Files' appeal on *Alleyne / Apprendi* grounds is not likely to result in any sentence reduction within the parameters of 18 U.S.C. § 3143(b)(1)(B)(iv).  Fourth, Files argues that he should be released on bond pending appeal because of dangerous prison conditions associated with the COVID-19 global pandemic.  But if Files does not meet the statutory criteria for release on bond

-3-

pending appeal, as this Court has found, then he is ineligible for § 3143 release pending appeal regardless of risk factors that may or may not be attendant to his place of incarceration. Moreover, Files has made no showing that his living conditions are particularly dangerous, or that he is particularly vulnerable, in the correctional institution where he is housed.  Merely alleging that all federal inmates are at risk of exposure to the coronavirus in prison is not a viable basis for release under § 3143 or any other provision of law.

For all of the foregoing reasons, Michael Files' Motion to Expedite Decision for Movant's Release on Bond Pending Appeal (doc. 2427) is **denied**.  Files is ineligible for release pursuant to the statutory requirements of 18 U.S.C. § 3143(b)(1)(B)(iv).

DONE and ORDERED this 17th day of April, 2020.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE