**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )   **CRIMINAL NO. 97-0099-WS** |
| | ) |
| | ) |
| **MICHAEL JEROME FILES,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on petitioner Michael Jerome Files' *pro se* filing which is styled as a "Time Sensitive / Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as Amended Under the First Step Act" (doc. 2441).[1]

After a jury trial in 1997, Files was convicted of 18 controlled substance offenses, including numerous counts of possession with intent to distribute cocaine, crack cocaine and marijuana, in violation of 21 U.S.C. § 841. Based on findings at sentencing, the trial court concluded that Files had been a "major distributor" and a "leader or organizer" of a significant controlled substance distribution conspiracy, and sentenced him to a life term of imprisonment. In 2017, this Court reduced Files' sentence to 360 months pursuant to a retroactively applicable sentencing guideline amendment. According to Bureau of Prisons records, Files has less than

---

[1]    Also pending is the Government's Motion for Leave to File Under Seal (doc. 2445). In that Motion, the Government seeks leave to file under seal a copy of Files' recent prison medical records. The Court agrees that these materials are helpful to evaluate Files' Motion for Compassionate Release, and that they are properly submitted under seal to safeguard Files' privacy. Accordingly, the Government's Motion for Leave to File Under Seal is **GRANTED**. The exhibit found at docket entry 2446, consisting of Files' current medical records, shall be maintained **UNDER SEAL** by the Clerk of Court pending further order from this Court.

four years remaining to serve on that sentence, with a projected release date of November 7, 2024.  He is presently incarcerated at FCI Talladega.[2]

Files is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic.  In his Motion, filed *pro se*, Files would invoke 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act enacted in December 2018.  That section allows a defendant to petition the Court directly for reduction of a term of imprisonment for "extraordinary and compelling reasons," without a motion by the Director of the Bureau of Prisons ("BOP"), after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  § 3582(c)(1)(A).  The court file reflects that Files made a written request to his Case Manager for compassionate release on July 10, 2020, arguing that his hypertension places him at high risk for severe illness or death from COVID-19.  (Doc. 2444, Exh. B.)  The court file further reflects that the Warden of FCI Talladega denied Files' request in writing on July 31, 2020.  (*Id.*)  As such, it is undisputed that Files requested compassionate release from the prison warden more than 30 days before he filed his Motion, such that he is authorized by the amended version of the statute to request judicial modification of his term of imprisonment on the ground that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).

That said, the statute is clear that any such reduction of a sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the Federal Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the

---

[2]     Notably, Files has a currently pending appeal at the Eleventh Circuit Court of Appeals, arising from this Court's Order (doc. 2409) denying him relief under the First Step Act. (*See* docs. 2409, 2413, 2415, 2426.)  Given the pendency of Files' appeal, this Court considers Files' Motion for Compassionate Release pursuant to Rule 37(a), Fed.R.Crim.P., which provides as follows: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purposes or that the motion raises a substantial issue."  *Id.*

defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons." *Id.* Files' Motion does not implicate the first three categories of extraordinary and compelling reasons;[3] therefore, his request would appear to rise or fall on the fourth ground identified by the Sentencing Commission.

The BOP's Program Statement 5050.50 identifies in some detail the types of reasons that the Director of the BOP deems "extraordinary and compelling" within the fourth prong of the Sentencing Commission's policy statement.  Nothing in PS 5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on an inmate's generalized fear of contracting COVID-19 in prison.  As such, Files is effectively urging this Court to find that his circumstances constitute an "extraordinary and compelling reason" for § 3582(c)(1)(A) relief, even though doing so would <u>not</u> be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would <u>not</u> be consistent with the Sentencing Commission's applicable policy statement.  Simply put, then, Files' Motion would have this Court ignore statutory language requiring that sentence reductions for "extraordinary and compelling reasons" be consistent with Sentencing Commission policy statements by essentially superimposing the Court's own policy preferences over those of the Sentencing Commission and the Bureau of Prisons.  This Court has previously declined to do so.  *See United States v. Lynn*, 2019 WL 3805349, *4 (S.D. Ala. Aug. 13, 2019) ("Should the Commission so amend its policy statement, the courts will of course be bound by Section 3582(c)(1)(A) to follow the amended version.  Until that day, however, the Court must follow the policy statement as it stands.").  It reaches the same conclusion today for the same reasons set forth in *Lynn*.

Even assuming this Court were empowered now to make determinations of "extraordinary and compelling reasons" in addition to those specified in U.S.S.C. § 1B1.13 and PS 5050.50, the undersigned would not find that the circumstances described by Files meet that high standard for compassionate release.  To understand why, it is helpful to examine § 12003(b)(2) of the CARES Act, which granted the Attorney General authority to lengthen the maximum amount of time for which the BOP is authorized to place a prisoner in home

---

[3]     To be sure, Files indicates that he suffers from certain chronic health conditions. However, he makes no showing that these conditions presently diminish his ability to provide self-care in a prison environment.

confinement beyond the limits imposed by 18 U.S.C. § 3624(c)(2).[4]  In exercising this authority, the Attorney General has issued Memoranda to the Director of the BOP dated March 26, 2020 and April 3, 2020.  Among other things, those Memoranda enumerate criteria for inmates to be eligible for home confinement.  Those discretionary factors include, without limitation, the following: (i) the age and vulnerability of the inmate to COVID-19, in accordance with CDC guidelines; (ii) the security level of the facility, with priority given to inmates residing in low and minimum security facilities; (iii) the inmate's conduct in prison; (iv) the inmate's score under PATTERN, with inmates scoring above the minimum score not receiving priority treatment; (v) whether the inmate has a demonstrated, verifiable re-entry plan that will prevent recidivism and maximize public safety; and (vi) the seriousness and severity of the inmate's crime of conviction and danger posed by the inmate to the community.  The Attorney General also directed the BOP to maximize appropriate transfers to home confinement of all appropriate inmates held at BOP facilities where significant levels of COVID-19 infection are materially affecting operations.

Many of the non-exhaustive factors listed in the Attorney General's Memoranda do not favor home confinement or early release in this case.  Files is 45 years old, so he is not of an advanced age that might heighten his risk of contracting COVID-19.  To be sure, Files writes that he "has a chronic health condition[,] hypertension" for which he takes three types of medication (doc. 2441, PageID.9076-77.)  But the medical evidence does not support his dire assessment that his "life is presently at a great risk" because of this condition.  (*Id.*)  Indeed, the Center for Disease Control guidance is only that "[b]ased on what we know at this time, adults of any age with" hypertension "**might be at an increased risk** for severe illness from the virus that causes COVID-19."  www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed February 1, 2021).  Thus, the current state of knowledge shows only a possible link between Files' complained-of health condition and increased risk of serious illness from COVID-19.  Furthermore, medical records reflect that while Files tested positive for COVID-19 on December 24, 2020, he denied any symptoms, was observed to be asymptomatic, was promptly moved to the isolation unit by prison officials, and was successfully

---

[4]      Files has requested early release, rather than the ability to serve the remainder of his sentence under home confinement.  The factors that are relevant in the home confinement inquiry are also helpful in analyzing whether a defendant should be granted early release under the First Step Act because of COVID-19 related concerns.

removed from isolation on January 4, 2021 after completing all isolation criteria.  (Doc. 2446, PageID.9145-51.)  Thus, it appears that FCI Talladega officials have taken timely and effective measures to quarantine Files, to monitor his condition, and to protect him from any further exposure to the virus.  In addition, there is no indication and no reason to believe that an outbreak of coronavirus is currently happening, or is likely to happen, at FCI Talladega. According to current data reported by the BOP, only two inmates (of the total population approaching 900) housed at that facility have a current positive COVID-19 test.  Also weighing against granting compassionate release are the fact that Files is housed in a medium-security facility, not a low- or minimum-security facility, and the seriousness and severity of his underlying crimes of conviction.

After considering all of the relevant circumstances and information presented, the Court concludes that Files has made no showing of the sort of "extraordinary and compelling reasons" contemplated by 18 U.S.C. § 3582(c)(1)(A)(i) that might warrant the discretionary exercise of any First Step Act authority for compassionate release, sentence modification, or release to home confinement to protect him from risks of contracting the COVID-19 virus in prison.  Even if Files had made an adequate showing of eligibility for relief (which he has not), the decision of whether or not to grant compassionate release is discretionary.  *See, e.g., United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) ("We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act.").  Indeed, the statute expressly provides that, even where a defendant has satisfied the procedural requirements for a compassionate release motion and has shown extraordinary and compelling reasons warranting relief, the district court "***may reduce the term of imprisonment*** … after considering the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).  Simply put, "[i]f there are 'extraordinary and compelling reasons' for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors."  *United States v. Monaco*, 2020 WL 6194688, *3 (11th Cir. Oct. 22, 2020).

The Court has carefully weighed the § 3553(a) factors as they relate to Files and his Motion for Compassionate Release.  Section 3553(a) requires this Court to consider (among other factors) "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed … to reflect the seriousness of the

offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1)-(2)(A). Upon careful consideration of these factors, including specifically the severity of Files' underlying offense conduct and criminal history, as well as the particular factors and arguments raised by Files in his Motion, the Court is of the opinion that the sentence imposed in this case remains fair, appropriate and necessary. Thus, even if Files had satisfied the procedural and substantive eligibility thresholds for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act, the Court, in the exercise of its discretion and guided by its weighing of the § 3553(a) factors, concludes that no reduction in sentence is warranted under the circumstances presented.

For all of these reasons, Files' Motion for Compassionate Release (doc. 2441) is **denied**. His incorporated request for appointment of counsel is likewise **denied**.

DONE and ORDERED this 3rd day of February, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE