# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 97-0099-WS |
| | ) | |
| MICHAEL JEROME FILES, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter comes before the Court on remand from the Eleventh Circuit Court of Appeals.

On February 8, 2019, the undersigned entered an Order (doc. 2409) construing defendant Michael Jerome Files' Motion for Appointment of Counsel (doc. 2408) as a motion for sentence reduction pursuant to § 404 of the First Step Act of 2018. In the February 8 Order, this Court denied Files' motion for sentence reduction based on a finding that "Files is ineligible for relief under the retroactive provisions of the First Step Act." (Doc. 2409.) Files appealed. On May 21, 2021, the Eleventh Circuit issued an opinion (doc. 2455) explaining that "[w]hen the district court denied Files's motion, it did not have the benefit of our decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020). We do …." (Doc. 2455, PageID.9261.) Based on its application of *Jones* to the facts and circumstances of this case, along with the Government's concession of eligibility, the Eleventh Circuit concluded that "Files is eligible for a sentence reduction under § 404 of the First Step Act," vacated the February 8 Order, and remanded "so that the district court may decide whether to exercise its discretion under § 404 to award Files a sentence reduction." (*Id.*) This Court now takes up that question.

As indicated, the Eleventh Circuit has held that Files is eligible for a sentence reduction under § 404 of the First Step Act. To say that he is eligible for relief, however, is not to say that he is entitled to relief. *Jones* emphasizes that even when a court has authority to reduce a sentence under § 404, "it [is] not required to do so." *Jones*, 962 F.3d at 1304. Indeed, § 404(c) of the First Step Act provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* "District courts have wide latitude to determine whether and how to exercise their discretion in this context. In exercising this

discretion, they may consider all the relevant factors, including the statutory sentencing factors …." *Jones*, 962 F.3d at 1304.  The law is clear that "a district court, of course, could consider its previous findings of relevant conduct in deciding whether to exercise its discretion to reduce an eligible movant's sentence ….  The actual quantity of [controlled substances] involved in a violation is a key factor for a sentence modification just as it is when a district court imposes a sentence." *Id.* at 1301.  Moreover, last month the Eleventh Circuit clarified that "the First Step Act does not mandate consideration of the statutory sentencing factors set forth in § 3553(a)." *United States v. Stevens*, 997 F.3d 1307, 1316 (11th Cir. 2021).  What is required in exercising discretion in this context is that the district court must "make clear that [it] had a 'reasoned basis' for choosing to reduce or not to reduce a defendant's sentence under the First Step Act." *Id.* at 1317 (citations and internal quotation marks omitted).  "In doing so, the district court may consider the § 3553(a) factors, as well as the probation office's submissions, post-sentence rehabilitation, … or any other relevant facts and circumstances." *Id.* at 1318.

In light of the foregoing, Files is **ordered** on or before **July 6, 2021**, to file a memorandum setting forth his position – supported by facts, exhibits and legal argument, as appropriate – as to whether and how this Court should exercise its discretion under § 404 of the First Step Act in this case.  The Government is **ordered** to respond on or before **July 13, 2021**, at which time the issue of whether and how this Court should exercise its statutory discretion to reduce Files' sentence will be taken under submission.

DONE and ORDERED this 22nd day of June, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE