IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 97-0099-WS |
| | ) |
| MICHAEL JEROME FILES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Michael Jerome Files' motion for reduction of sentence pursuant to § 404 of the First Step Act of 2018 (docs. 2408, 2411). On February 8, 2019 and March 7, 2019, this Court denied the motion (both as originally filed and as renewed) based on a finding that Files is ineligible for relief under the retroactive provisions of the Act. On appeal, the Eleventh Circuit Court of Appeals found, based on its intervening decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), that Files is eligible for a sentence reduction under the Act. On that basis, the Eleventh Circuit "vacate[d] the district court's orders denying a sentence reduction, and remand[ed] for further proceedings so that the district court may decide whether to exercise its discretion under § 404 to award Files a sentence reduction." (Doc. 2455, PageID.9261.) On remand, this Court entered a briefing schedule on June 22, 2021, setting forth the applicable legal standard governing the exercise of its discretion under the First Step Act, and directing the parties to submit memoranda of law. (Doc. 2458.) They have now done so. (Docs. 2459, 2460, 2461.)[1]

    **A. Reduction of Files' Total Sentence of Imprisonment is Not Authorized.**

In his briefing, Files advances an array of arguments in support of his position that this Court should reduce his "total sentence of imprisonment to 'time served.'" (Doc. 2459, PageID.9272.) The reference to "total sentence of imprisonment" implicates a critical threshold

---

[1] The June 22 Order did not specifically provide for Files to submit a reply brief before the matter would be taken under submission. Nonetheless, Files having elected to submit a reply (doc. 2461) prior to any ruling on the underlying issues, the Court in its discretion allows and has considered that submission on an equal footing with the parties' other filings.

issue.  Here is why: At trial back in August 1997, Files was convicted of 18 counts, including Counts 1, 2, 3, 9, 11, 12, 13, 24, 25, 26, 27, 28, 29, 30, 32, 33, 65 and 73 of the Superseding Indictment.  (Doc. 2024-5, PageID.259-61.)  The sentences imposed on Files for each of these counts were concurrent to the sentences imposed for all other counts of conviction.  Everyone agrees that Files has fully discharged the terms of imprisonment to which he was sentenced on Counts 3, 24, 32 and 73.  At this time, Files continues to serve 30-year terms of imprisonment, imposed concurrently as to each of the other 14 counts of conviction (specifically, Counts 1, 2, 9, 11-13, 25-30, 33 and 65).[2]  This fact is critically important at this time because only some – not all – of those counts involved crack-cocaine offenses.  In particular, Count 1 charged Files with conspiracy to possess with intent to distribute powder cocaine only.  (Doc. 324, PageID.5933.)  Count 11 charged Files with attempting to possess with intent to distribute powder cocaine only.  (*Id.*, PageID.5942.)  And Count 65 charged Files with possessing with intent to distribute powder cocaine only.  (*Id.*, PageID.5989.)  As noted, Files is currently serving a 30-year term of imprisonment on each of these powder-cocaine offenses, just as he is for the other 11 counts of conviction involving crack cocaine.

       The reason these facts and circumstances matter is that the relief available to Files varies greatly depending on whether the First Step Act authorizes this Court to reduce his "total sentence" for all offenses of conviction, or whether it only authorizes sentence reduction for the crack-cocaine offenses.  If it is the latter, then Files' request for discretionary reduction of his "total sentence of imprisonment" must be denied, as the Court's statutory discretion would be limited to reducing Files' sentence for the crack-cocaine offenses only, leaving the 30-year sentences intact on Counts 1, 11 and 65 in any event.  Given the paramount importance of this issue to resolution of Files' motion for sentence reduction, the Court begins the analysis here.

---

[2]     The relevant order governing Files' terms of imprisonment at present is dated April 5, 2017, and is styled an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. 2398.)  In that Order, this Court reduced Files' previously imposed sentence of life imprisonment to 360 months.  The April 5 Order took pains to explain that "[t]he reduced term of imprisonment applies to each of Counts 1, 2, 9, 11-13, 25-30, and 65, said terms to run concurrently." (*Id.*, PageID.8412.)  Accordingly, the record is pellucidly clear that Files' current 360-month term of imprisonment runs concurrently for each of those 14 enumerated counts of conviction, which include both crack-cocaine offenses and separate powder-cocaine offenses.

As a general proposition, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). "When Congress enacted the First Step Act of 2018, it granted district courts discretion to **reduce the sentences of crack-cocaine offenders** in accordance with the amended penalties in the Fair Sentencing Act [of 2010]." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) (emphasis added). Under § 404 of the First Step Act, a district court may reduce a sentence for a "covered offense … as if sections 2 and 3 of the Fair Sentencing Act … were in effect at the time the covered offense was committed." First Step Act § 404(b).[3] A "covered offense" is statutorily defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act … that was committed before August 3, 2010." *Id.* § 404(a). Thus, "[t]o be eligible for a reduction, the district court must have 'imposed a sentence' on the movant for a 'covered offense.'" *Jones*, 962 F.3d at 1298 (citation omitted). To make the "covered offense" determination, "the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841 – in other words, whether his offense involved fifty grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between five and fifty grams, therefore triggering § 841(b)(1)(B)(iii). … A 'covered offense' is therefore one where the offense triggers the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii)." *United States v. Stevens*, 997 F.3d 1307, 1313 (11th Cir. 2021); *see also Jones*, 962 F.3d at 1300-01 (only "crack-cocaine offenses for which sections 841(b)(1)(A)(iii) and (B)(iii) provide the penalties" qualify as "covered offenses" under § 404).

Without question, at least some of the crack-cocaine offenses of which Files was convicted qualify as "covered offenses" under the *Jones* / *Stevens* framework. And the Government acknowledges the possibility that all of Files' crack-cocaine convictions in this matter may meet the definition of "covered offenses" for purposes of First Step Act eligibility. (Doc. 2460, PageID.9341 n.3.) Even if we assume that all 11 of Files' offenses of conviction involving crack cocaine and for which he is serving concurrent 30-year prison sentences (Counts 2, 9, 12-13, 25-30, and 33) are "covered offenses" for First Step Act purposes, it is clear that the

---

[3] "Section 2 of the Fair Sentencing Act raised the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams." *United States v. Stevens*, 997 F.3d 1307, 1312 n.2 (11th Cir. 2021).

three offenses of conviction involving only powder cocaine for which Files is also serving concurrent 30-year prison sentences (Counts 1, 11, 65) are <u>not</u> "covered offenses" under § 404(a) of the First Step Act. Files does not – and cannot reasonably – argue otherwise. Instead, he asserts that nothing in the First Step Act prohibits a district court from reducing a sentence for a non-covered offense that relates to a covered offense, such that (in his view) "this Court may reduce Mr. Files' overall sentence." (Doc. 2459, PageID.9292.)

      The most obvious impediment to Files' request for a reduction in his "total sentence" or "overall sentence" – as opposed to his sentences for "covered offenses" – is the Eleventh Circuit's published decision in *United States v. Denson*, 963 F.3d 1080 (11th Cir. 2020). The *Denson* court explained that "in ruling on a defendant's First Step Act motion, the district court (1) is permitted to reduce a defendant's sentence only on a 'covered offense' and … (2) is not free … to change the defendant's sentences on counts that are not 'covered offenses.'" *Id.* at 1089. More recently, another Eleventh Circuit panel has considered and squarely rejected a defendant's "come one, come all reading of § 404(b)" that "if any one of a defendant's convictions was for a 'covered offense,' then all of his convictions are eligible for resentencing." *United States v. Gee*, 843 Fed.Appx. 215, 217 (11th Cir. Feb. 8, 2021). The *Gee* court relied on the above-quoted language from *Denson* to conclude that "Gee's § 924(c) convictions are not 'covered offenses' under § 404(b), so that section does not allow him to be resentenced on them" in conjunction with the reduction of his sentences for crack-cocaine convictions that could be reduced under § 404(b) of the First Step Act. *Id.* In response to Gee's argument that the *Denson* language should be discarded as *dicta*, the *Gee* panel countered, "It isn't. It is an alternative holding, and in this circuit additional or alternative holdings are not *dicta*, but instead are as binding as solitary holdings." *Id.* (citations and internal quotation marks omitted). At any rate, *Gee* hastened to add that "even if that alternative holding of *Denson* were only *dicta*, it is obviously correct and the only permissible reading of the First Step Act and 18 U.S.C. § 3582(c)(1)(B), and we would follow it." *Id.*[4]

---

[4]    *See also United States v. Kirksey*, --- Fed.Appx. ----, 2021 WL 2909733, *3 (11th Cir. July 12, 2021) ("We've made clear that the First Step Act does not authorize a district court to conduct a plenary or *de novo* resentencing in which it reconsiders sentencing guideline calculations unaffected by §§ 2 and 3 of the Fair Sentencing Act or to change the defendant's sentences on counts that are not covered offenses."); *United States v. Collins*, --- Fed.Appx. ----, 2021 WL 2530194, *5 (11th Cir. June 21, 2021) (citing *Denson* for the proposition that a district court "is not free to change the defendant's original guidelines calculations that are unaffected by (Continued)

Although Files struggles mightily to extricate himself from *Denson* and its progeny, his efforts are unavailing. It is beyond reasonable debate that Files' 30-year sentences for each of Counts 1, 11 and 65 are for non-covered offenses. And *Denson* leaves no room for ambiguity that, even where covered offenses exist, § 404(b) of the First Step Act does not authorize reduction of sentence for any non-covered offenses. The Eleventh Circuit has repeated this fundamental principle numerous times in the 13 months since *Denson* was decided, and has neither suggested nor hinted at limiting or retreating from it. Files' insistence that the relevant passage in *Denson* is mere *dicta* that may be ignored by this Court is unpersuasive for the reasons set forth in *Gee*. And as *Gee* noted, even if the language in question were *dicta*, "it is obviously correct." *Gee*, 843 Fed.Appx. at 217. Files' reliance on contrary authorities from other jurisdictions and unpublished district-court authorities from this Circuit that predate *Denson* is misplaced because the Eleventh Circuit has addressed this issue unequivocally beginning with *Denson*. Files' attempts to massage *Jones* to find an implicit determination that the Eleventh Circuit somehow authorized the district court to resentence defendant Johnson on a powder-cocaine conviction as well as a crack-cocaine conviction reads into the decison concepts, findings and directives that simply are not there.[5]

---

sections 2 and 3 [of the Fair Sentencing Act]"); *United States v. Thompson*, 846 Fed.Appx. 816, 818 (11th Cir. Feb. 17, 2021) (following *Denson* to conclude that district court properly concluded it lacked authority to reduce defendant's sentence on a non-covered offense, even where sentence reductions were being made for that defendant's covered offenses); *United States v. Moore*, 839 Fed.Appx. 401, 403-04 (11th Cir. Jan. 4, 2021) (remanding under First Step Act for resentencing on defendant's covered offenses, but clarifying that "[o]n remand, the district court may not … change the defendant's sentences on counts that are not covered offenses" pursuant to *Denson*); *United States v. Baptiste*, 834 Fed.Appx. 547, 550 (11th Cir. Nov. 10, 2020) ("Counts 1, 23, 24, and 26 are powder-cocaine offenses. Neither §§ 2 nor 3 of the Fair Sentencing Act modified statutory penalties for offenses involving powder cocaine. Therefore, Counts 1, 23, 24, and 26 do not constitute 'covered offenses' under the First Step Act, and the district court properly concluded that it lacked authority to modify the sentences for those powder-cocaine counts," even though Count 3 was unquestionably a covered offense under the First Step Act as to which the district court did have discretion to grant a sentence reduction); *United States v. Smith*, 828 Fed.Appx. 523, 525 (11th Cir. Sept. 17, 2020) ("because the sentence on Count 6 was unaffected by §§ 2 and 3 of the Fair Sentencing Act and was not a 'covered offense,' the district court correctly concluded that it could not conduct a plenary resentencing in which it reduced the sentence on Count 6").

[5]     As to *Jones*, Files' position is that "[i]f the First Step Act could not have affected the punishment for Mr. Johnson's powder-cocaine offense – that is, if he had to serve 20 years no matter what – there would have been little point in deciding whether he was eligible for (Continued)

Insofar as Files would take refuge in *United States v. Taylor*, 982 F.3d 1295 (11th Cir. 2020), that case is distinguishable on its face. In *Taylor*, the defendant was convicted of a single controlled substance conspiracy that involved large quantities of both crack cocaine and powder cocaine. The only issue on appeal in *Taylor* was "whether the First Step Act's definition of a 'covered offense' covers a multidrug conspiracy offense that includes *both* a crack-cocaine element *and* another drug-quantity element." *Id.* at 1300. Although the Eleventh Circuit answered that question in the affirmative, nowhere in *Taylor* did the appellate court indicate or imply that First Step Act eligibility would have existed for any additional offense that involved only controlled substances other than crack cocaine, had Taylor been charged with one. Indeed, the *Taylor* panel reasoned only that "[b]y effectively reducing the penalties triggered by the crack-cocaine element of Taylor's offense, the Fair Sentencing Act modified the statutory penalties for his offense as a whole. His offense is therefore a 'covered offense' as that term is defined in § 404 of the First Step Act." *Id.* at 1302. By contrast, there is no crack-cocaine element to the powder-cocaine offenses charged against Files in Counts 1, 11 and 65; therefore, *Taylor* lends no support to his position here.

In his quest for reduction in his overall sentence, Files also invokes the sentencing-package doctrine. The Eleventh Circuit has explained that "especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence – the 'sentence package' – that reflects the guidelines and the relevant § 3553(a) factors." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014). "The thinking is that when a conviction on one or more of the component counts is vacated for good, the district court should be free to reconstruct the sentencing package … to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances." *Id.* The fundamental problem with this line of argument as applied to Files' case is that, as

---

relief." (Doc. 2459, PageID.9294.) But *Jones* did not say anything about whether defendant Johnson was or was not eligible for a sentence reduction on his powder-cocaine offense. It was simply silent on that matter, just as the Eleventh Circuit was silent in this case as to whether Files was eligible for sentence reduction on the powder-cocaine offenses found at Counts 1, 11 and 65. There was no reason for the appeals court to address that issue because, either way, Files (like Johnson) was entitled to have the district court consider whether to reduce his sentence on the covered offenses, irrespective of whether he was eligible for reduction of sentence on the non-covered offenses or not.

previously noted, "the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *Puentes*, 803 F.3d at 605-06; *see also Jones*, 962 F.3d at 1297 (district courts "lack[] the inherent authority to modify a term of imprisonment" except "to the extent that a statute expressly permits"). Section 404 of the First Step Act authorizes sentence modification only for "covered offenses." Powder-cocaine offenses that lack a crack-cocaine element are unquestionably not "covered offenses"; therefore, the First Step Act does not authorize this Court to modify the sentences imposed for Counts 1, 11 and 65. There being no express statutory permission for this Court to modify Files' sentences for non-covered offenses, the sentencing-package doctrine has no application here because there is no judicial authority to do what Files requests. *See United States v. Baptiste*, 834 Fed.Appx. 547, 550 (11th Cir. Nov. 10, 2020) (rejecting defendant's "sentencing-package doctrine" argument in First Step Act context as to non-covered offenses, and concluding that absent express statutory authority, "the sentencing-package doctrine is of no use to Baptiste"); *United States v. Shuford*, 2020 WL 8106573, *1-2 (N.D. Ala. Dec. 22, 2020) (following *Baptiste* and *United States v. Pubien*, 805 Fed.Appx. 727, 730-31 (11th Cir. Feb. 25, 2020) to reject defendant's argument that sentencing-package doctrine allowed resentencing on both covered offenses involving crack cocaine and non-covered offenses involving powder cocaine, because "this court lacks the authority to modify the sentence for the powder cocaine offense").

For all of the foregoing reasons, Files' request for reduction in his total sentence of imprisonment is **DENIED**. This Court concludes that it lacks authority to reduce Files' 30-year sentences of imprisonment imposed for the powder-cocaine offenses found at Count 1 (conspiracy to possess with intent to distribute more than 150 kilograms of powder cocaine), Count 11 (attempt to possess with intent to distribute approximately 4 kilograms of powder cocaine) and Count 65 (possession with intent to distribute approximately 8 kilograms of powder cocaine), all of which are non-covered offenses under § 404 of the First Step Act.

**B. Reduction of Files' Sentences for Crack-Cocaine Offenses is Appropriate.**

Notwithstanding the determination that this Court is not empowered to grant Files' request for a reduction in his total sentence of imprisonment, it remains appropriate to consider whether a reduction in sentence on Files' covered offenses of conviction is warranted here.[6]

---

[6] The Government maintains that the analysis need not reach this step because "Files does not ask the Court to reduce his sentences for 'covered' offenses on an individualized (Continued)

The Eleventh Circuit indicated that Files is eligible for a sentence reduction under the First Step Act as to his covered offenses. To say that he is eligible for relief, however, is not to say that he is entitled to relief. After all, even when a court has authority to reduce a sentence under § 404, "it [is] not required to do so." *Jones*, 962 F.3d at 1304; *see also* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). "District courts have wide latitude to determine whether and how to exercise their discretion in this context. In exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors …." *Jones*, 962 F.3d at 1304. Recently, the Eleventh Circuit clarified that "the First Step Act does not mandate consideration of the statutory sentencing factors set forth in § 3553(a)." *Stevens*, 997 F.3d at 1316. What is required in exercising discretion in this context is that the district court must "make clear that [it] had a 'reasoned basis' for choosing to reduce or to not reduce a defendant's sentence under the First Step Act." *Id.* at 1317 (citations and internal quotation marks omitted). "In doing so, the district court may consider the § 3553(a) factors, as well as the probation office's submissions, post-sentence rehabilitation, … or any other relevant facts and circumstances." *Id.* at 1318.

In his supporting Memorandum (doc. 2459), Files has laid out a compelling case for reduction of his concurrent sentences on the crack-cocaine offenses. Among the relevant facts and circumstances that Files has marshaled in support of his request are the following: (i) Files' youthful age (late teens and early 20s) at the time of the offense conduct; (ii) his laudable record of rehabilitation and personal growth in prison; (iii) his stated intention to give back to his community via education and outreach programs; (iv) the 24 years that Files has already served in federal prison for the subject convictions; and (v) the fact that every single one of his co-

---

basis and instead asks that his aggregate sentence be reduced." (Doc. 2460, PageID.9341 n.3.) But Files takes pains to clarify that he is requesting any sentencing relief this Court in its discretion may be inclined to grant, whether or not it applies to his total sentence. (Doc. 2461, PageID.9451 ("if this Court … finds that Mr. Files should receive *any* type of relief, it should exercise its discretion and grant that relief – even if it disagrees with Mr. Files about whether the First Step Act permits an across-the-board reduction here"). This approach makes sense. Even though this Court has determined that it cannot reduce Files' 30-year sentences on Counts 1, 11 and 65, a reduction in his concurrent sentences for the covered offenses may be beneficial to him in the event of future changes in the legal landscape. At a minimum, it is a worthwhile and important exercise to fix the appropriate sentences (including any reductions) for the 11 covered offenses so that Files does not serve any more time in prison for those offenses than he should, irrespective of the existence of other, noncovered offenses for which he is serving lengthier concurrent sentences.

conspirators, including those classified as upper-level managers, has already been released from prison, most of them at least several years ago.  (Doc. 2459, PageID.9278-86.)  Many of these arguments resonate with the Court.  Although the Government correctly highlights the seriousness of Files' offense conduct (both in absolute terms and relative to that of his co-defendants), the Court finds that reducing Files' sentences on the covered offenses (*i.e.*, Counts 2, 9, 12-13, 25-30, and 33) to time served is an appropriate exercise of its discretion, taking into consideration the § 3553(a) factors, the probation office's submissions, post-sentence rehabilitation, the need for his sentence to reflect the seriousness of his offense and provide just punishment, and all other relevant facts and circumstances.

Accordingly, the Court exercises its discretion under § 404 of the First Step Act to reduce Files' term of imprisonment for each of the crack-cocaine offenses of which he was convicted (Counts 2, 9, 12-13, 25-30 and 33) to **TIME SERVED**.

**C.  Conclusion.**

For all of the foregoing reasons, Files' Motion for Reduced Sentence under § 404 of the First Step Act (docs. 2408, 2411) is **GRANTED in part**, and **DENIED in part**.  The Motion is **GRANTED** as to Files' crack-cocaine offenses (Counts 2, 9, 12-13, 25-30 and 33).  In the Court's discretion, Files' sentence as to each of those counts is reduced to **TIME SERVED**. The Motion is **DENIED** insofar as Files requests a reduction in his total sentence; thus, the 30-year concurrent sentences of imprisonment that Files received for non-covered offenses (Counts 1, 11 & 65) involving powder cocaine remain unchanged.

DONE and ORDERED this 5th day of August, 2021.

    s/ WILLIAM H. STEELE
    UNITED STATES DISTRICT JUDGE